DOC NO
REC'D./FILED
2022 FEB -7 AM 9: 36
CLERK US

IN THE UNITED STATES DISTRICT COURT
OR THE WESTERN DISTRICT OF WISCONSIN

X

Kojoua Vu,

          Plaintiff,                          COMPLAINT

V.                                            22-cv-65-wmc

                                              Civil Action No.
Andrew Tolvstad, Jim (James) Mancuso, Tom
Hansen, Kevin Lozano, Tyler Pond, Officer
Jacobs, Sergeant Curns, Ronald J. Tischer,
Jody Douglas, Jared Ellefson, Jenna Theler,
Rory (unknown last name), Candice Tlustosch,
Danielle M. Kranz, Elizabeth (unknown last
name), Samantha Reuss, and the La Crosse
Police Department, individually and in their
official capacities.

          Defendants.

I. COMPLAINT

Plaintiff, Kojoua Vu, pro se, for their complaint state as follows:

II. Parties, Jurisdiction, and Venue

2

1. Plaintiff, Kojoua Vu, is and was, at all times mentioned herein, an adult citizen of the United States and a resident of the State of Wisconsin in the county of La Crosse.

2. Defendant Andrew Tolvstad was, at all relevant times herein, employed with the La Crosse Police Department in La Crosse, WI as a Law Enforcement Officer and/or an Investigator.

3. Defendant Jim (James) Mancuso was, at all relevant times herein, employed with the La Crosse Police Department in La Crosse, WI as a Law Enforcement Officer and/or an Investigator.

4. Defendant Tom Hansen was, at all relevant times here in, employed with the La Crosse Police Department in La Crosse, WI as a Law Enforcement Officer and/or Investigator.

5. Defendant Kevin Lozano was, at all relevant times herein, employed with the La Crosse Police Department in La Crosse, WI as a Law Enforcement Officer.

6. Defendant Tyler Pond was, at all relevant times herein, employed with the La Crosse Police Department in La Crosse, WI as a Law Enforcement Officer and/

7. Defendant Jacobs was, at all relevant times here in, employed with the La Crosse Police Department in La Crosse, WI as a Law Enforcement Officer.

8. Defendant Curns was, at all relevant times here in, employed with the La Crosse Police Department in La Crosse, WI as a Sergeant.

9. Defendant Ronald J. Tischer was, at all times here in, employed with the La Crosse Police Department in La Crosse, WI as Chief of Police.

10. Defendant La Crosse Police Department was, at all relevant times here in, a municipality (local Government) of the state of Wisconsin.

11. Defendant Jody Douglas was, at all relevant times here in, employed with the Wisconsin Department of Corrections as a Probation and Parole officer.

12. Defendant Jared Ellefson was, at all relevant times here in, employed with the Wisconsin Department of Corrections as a Liason for Probation and Parole.

13. Defendant Jenna Theler was, at all relevant times here in, employed with the Wisconsin Department of Corrections as a supervisor for Probation and Parole.

14. Defendant Lori (unknown last name) was, at all relevant times here in, employed with the Wisconsin Department of Corrections as a counselor at ATTIC.

15. Defendant Candice Tlustosch was, at all relevant times here in, employed as an Attorney at Law for Tlustosch Law Office in La Crosse, WI.

4

16. Defendant Danielle M. Kranz was, at all relevant times herein, employed as an Assistant District Attorney for the state of Wisconsin.

17. Defendant Elizabeth (unknown last name) was, at all relevant times herein, employed by the Regional State Public Defender's Office as Administrator.

18. Defendant Samantha Reuss was, at all relevant times herein, employed by the Regional State Public Defender's Office as Administrator Supervisor.

19. This action arises under and is brought pursuant to 42 U.S.C. section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the eighth and fourteenth Amendments to the United States Constitution. This action has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331 and 1343.

20. This action arises under and is brought pursuant to 42 U.S.C. section 1985(3) to remedy the deprivation conspired by two or more persons in any state or Territory, of equal protection of the laws or of equal privileges and immunities under the laws, either directly or indirectly.

21. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the federal Rules of Civil Procedure.

22. This cause of action arose in the western District of Wisconsin. Therefore, venue is proper under 28 U.S.C. section 1391(b).

III. Previous Lawsuits by Plaintiffs

23. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to her imprisonment.

IV. Exhaustion of Administrative Remedies

24. Probation and Parole

12/14/21- Plaintiff sent KIOSK message to probation expressing feeling discriminated because my requests were not being responded to for the last week, yet inmate Jessica Kistner's messages were. Plaintiff Vu had advised Probation officer Jody Douglas of Police misconduct on December 3.

12/29/21- Plaintiff Vu sent message to probation officer Jody Douglas in regards to the numerous errors in the Revocation summary and the false and inconsistent information.

01/03/22- Plaintiff Vu officially filed grievance to Probation Supervisor Jenna Theler in regards to the false and inconsistent information that Agent Jody put in the Revocation Summary.

01/13/22- Plaintiff Vu requested for Regional Chiefs contact information from Defendant Probation Liason Jared Elleson but did not receive a response with this information.

01/18/22- Plaintiff Vu mailed out a grievance to Regional Chief Troy Enger in regards to the false and inconsistent information that Agent Jody put in the Revocation summary.

01/19/22- Defendant Theler responded to my grievance I filed

c. on 01/03/22 Plaintiff Vu had more grievances she had not yet addressed.

01/20/22- Defendant Agent Jody amended one of the deliberate errors that was put into Plaintiff's Revocation summary regarding Plaintiff's Probation statement from February 17, 2020.

01/21/22 - Plaintiff Vu filed another grievance in regards to the false and inconsistent information in the Revocation summary as well as Agent Jody's reckless behavior and negligent attitude and ill will against Plaintiff Vu.

25. LaCrosse Police Department (LCPD) Employments:

12/19/21- Plaintiff Vu mailed first complaint in regards to three Police Misconduct incidents regarding multiple Employees of the LCPD to the Chief of Police and also to the Board of Police and Fire commission. Plaintiff received no response.

01/09/22- Plaintiff Vu mailed second complaint to LCPD Chief of Police. This complaint included unlawful conduct by seven employees of the Police Department. Plaintiff received no response.

01/22/22- Plaintiff Vu mailed LCPD Chief of Police a letter requesting documents and advising intention of Section 1983 lawsuit against the Department.

26. Attorney Candice Tlustosch

12/07/21- Plaintiff Vu mailed Ms. Tlustosch a letter expressing that she would be starting grievance procedure on ineffective counsel and malpractice of Ms. Tlustosch if Ms. Tlustosch still

not met with Plaintiff by December 20, 2021, the day of the final pre-trial for 20CF964.

12/20/21 - Plaintiff Vu motioned the court for Ms. Tlustosch to withdraw from 20CF964. Judge Horn granted Motion.

12/21/21 - Plaintiff Vu mailed grievance to La Crosse County Clerk of Courts and Ms. Tlustosch stating specific reasons as to why Ms. Tlustosch was asked to withdraw. Plaintiff received no response.

01/03/22 - Plaintiff Vu mailed second grievance to La Crosse County Clerk of Courts and Ms. Tlustosch in regards to Ms. Tlustosch's ineffective counsel and requesting a disposition. Plaintiff Vu has not received a response from either party.

## V. Statement of claim

27. At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. section 1983 and acted under color of law to deprive plaintiffs of their constitutional rights, as set forth more fully below.

28. At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. section 1985(3) and conspired to deprive plaintiff of their equal protection of the laws under the Fourteenth Amendment.

## VI. Statement of Facts

29. Plaintiff Vu was pulled over by law enforcement officer Tolvstad Pond, and Gerbig on Rose Street on 02/13/16. Officers advised Plaintiff that he was stopped for not wearing a seatbelt, although he did have my seatbelt on. Officer Tolvstad detained Plaintiff and put me in the back of squad car because Vu had a warrant for an open case 15CF698 and another unknown case (number unknown) from 01/2015. A La Crosse county sheriff pulled up to the scene and the four of them searched the vehicle that I had been driving. A few days later when I received the criminal criminal of this 02/13/16 incident Vu learned that officers Tolvstad and Pond fabricated evidence, a typed and printed a letter written to me asking me to take over the family business to fit me to case 15CF698 which consists of charging the with one count conspiracy to distribute more than 50 grams of meth. charge.

30. Plaintiff Vu was on a cash bond for 15CF698 and was living at 720 Oakland Drive # 38 in La Crosse, WI. Numerous officers, about 10 of them, conducted a "no knock search warrant" at Plaintiffs residence on April 11, 2016 after surveilling a confidential informant enter Vu's residence and recorded Plaintiff smoking meth and giving the CI free meth. Police used excessive force to enter Plaintiff's residence. There was no need for a "no knock" warrant to be conducted. This investigation was led by Investigators Dittman and Rosenow with the LCPD. Police caused \$4000 in damages.

31. I, Plaintiff Vu, was cleaning up my friend Sandy Xiong's

house on 732 22nd street, La Crosse WI on February 15, 2020 after
police raided it because Sandy's landlord messaged me
on facebook asking me to. After being there for ten minutes or
so, three officers knocked on the door and asked if a few of m
friends and I had permission to be there. There were three officers h
his partner (I believe Westphal), and Lozano. I showed them
my friend's landlord's facebook messages and identified
myself. The officers then walked away but came back and
arrested me for a probation warrant. They explained that the reason wa
because I missed probation meeting(s). The last meetings I had
with probation were at 1/15/20, 12/11/19, and 11/13/19. My probatio
officer's name is Jody Douglas. My friend Sandy Xiong, whose house
I was at cleaning, was also on probation with Jody Douglas.

32. I, Plaintiff Kojoua Vu, was driving my Black 2009 Ford Fusion WI plate
AHJ-9120 in onalaska by Tobacco outlet when I was pulled over
by La Crosse police officer Kevin Lozano and another officer
for illegal window tint. I was detained because officer Lozano
advised me there were pending charges against me from February
2020. The two officers searched the interior of my car along
with Investigator Andrew Rolvstad. Before the search was
complete, the two officers returned to the squad car and
transferred me to the La Crosse County Jail. I was booked
for possession of less than 3 grams of meth, possession of
THC, possession of paraphernalia, and maintaining a drug trafficking
place/house/vehicle/dwelling. The window tint was never tested,
and no meth was ever discovered upon the search of my vehicle.

3. I, Plaintiff Kojoua Vu, was in custody at the La Crosse County Jail on charges for case #20CF964 and a probation hold from December 15, 2020 - December 30, 2020. I did not have a preliminary hearing during these 15 days in jail. My boyfriend at the time, Tyler Beeler, hired Candice Tuotosch as my attorney. Probation did not take my statement until December 30, 2021 after I was released. The only questions probation officer Jody Douglas asked me for my statement was, "why did you have two phones?" and "why did you have drug tests in your car?" The new charges I was facing were never spoken of. I had missed at least the maximum days allowed of the intensive outpatient treatment group I was taking with ATTIC correctional but I was allowed to continue attending. Although there was a ·· ····· hold due·

4. I, Plaintiff Kojoua Vu, was followed by La Crosse Police officers in their squad cars on May 4, 2021 starting from Edward's Mini storage Units on Highway 16 in La Crosse, Wisconsin to the Kwik Trip on George Street in La Crosse, Wisconsin. I was pulling into Kwik Trip when a squad followed me and signals it's lights. There were three squads on the scene right away. I was stopped for illegal window tint. I was driving my white 2010 Chevy Malibu, WI plates AGH-6561. The officer (unknown name) checked my window tint level which showed that the window tint was in fact past the legal limit. While the officer printed a warning, K-9 officer Kevin Lozano deployed his K-9 and conducted a K-9 sniff of my vehicle. After the K-9 was led around my car 3-4 times, in which it did not hit, Lozano

packed up and left the scene. The other officer came back with the warning for the illegal tint and I was allowed to leave the scene.

On either 05/04/21 or 05/05/21 I had a phone call meeting with my probation officer, Jody Douglas. I advised her of the police contact I had the night prior. I told her about how there were three squad cars on the scene and how embarassing it was. She advised me that due to my criminal conviction history, it was normal for there to be that many police on-scene.

On 05/10/21, I checked the mail at my apartment (2344 apt 15 an La Crosse, WI 54601) and received two pieces of mail from my attorney, Candice Tlustosch. They contained additional discovery along with an affidavit written by Tolvstad that was used in applying for the search warrant for my electronic storage media during my arrest on December 15, 2020. The letter stated that the enclosed paperwork was additional discovery for case #21CF964. This letter was dated for the same day I had noticed the LCPD following me around all day until I was finally stopped when I pulled into the kwik trip on George Street.

5. 11. Plaintiff Kojoua Vu had an in-office probation meeting with Probation Officer Jody Douglas on September 9, 2021. I filled in the normal check-in paperwork, leaving my home address blank and only putting in a mailing address. I advised Jody that my lease had ended at the end of July and I was not

renewing my lease because I did not have that as an option. Despite the fact that I did not have a residence and that it was no longer working at Comfort Inn since July, Jody advised me that she had done a case plan review of my supervision level and it changed to "low" meaning our meetings would only be once every three months. Jody did this to deceive me.

36. I, Plaintiff Kojoua Vu, was driving to the Valley View Mall on October 28, 2021 in my white 2010 chevy Malibu, WI plate AGT-6561. I was pulled over in the Valley View Mall Parking lot, which is private property, by a LaCrosse Police squad car. Officer Jacobs and sergeant Cums told me to step out of the car and that I had a "body only warrant" and so I was being detained. When asked if I had anything sharp or illegal on my person or in the car, I told the officers there was meth under the driver's seat and some in my pocket. This incident happened at about 7:00pm.

Two weeks after being in custody, I found out that sergeant Cums drove my vehicle back to the police station and parked it in Garage #1. Today's date is sunday, January 23 and I still have not received a copy of the warrant for the LCPD to seize my vehicle. I have not even been officially notified that my vehicle was taken into police evidence.

37. I, Plaintiff Kojoua Vu, was and is in custody at the La Crosse

County Jail since I was arrested on October 28, 2021. When I received the criminal complaint for 21CF833, I learned that I had been arrested for an alleged control buy that took place on August 18, 2021. The criminal complaint says that a confidential informant (CI 945) and I arranged to meet at a pre-determined location. The control buy portion of the criminal complaint consists of reports written by three La Crosse Police Department Investigators Andrew Tolvstad, Jim (James) Mancuso, and Tom Hansen. Investigators Tolvstad and Mancuso's reports are all over the place and hard to follow/understand. Investigator Tolvstad reports that this alleged control buy happened on the Northside of La Crosse and Investigator Mancuso's story tries to corroborate along with it. All three Investigators story is that they helped each other in surveilling this alleged control buy. CI 945 is Ashleigh Eye and in the last 6 months, I've only seen her at Cody Blank's house which is not in La Crosse County. Cody Blank lives in Vernon County. This alleged control buy took place in Vernon County meaning the LCPD has no juris-diction. This was an investigation led by Mancuso with Tolvstad and Hansen as his accomplice. They all provided false testimony an act of obstruction of justice. They deliberated and then acted with malfeasance when they used this alleged control buy that happened outside of La Crosse County jurisdiction as an excuse to pull me over a month and a half later on October 28, 2021.

8. I, Plaintiff Kojoua Vu, have been in custody at the La Crosse County Jail in La Crosse, WI since October 28, 2021. I have two pending case, 20CF964 and 21CF833. Tyler Beeler, my ex-Boyfriend, hired Candice Tlustosch for me for a retainer fee of $5000. I asked Ms. Tlustosch to withdraw from my case during our first phone call we've had since I've been in jail on the morning of my final pre-trial which was at 9:00am with Judge Horne. Ms. Tlustosch never helped me with anything. I wanted a Frank's Hearing to contest an affidavit investigator Towstad of Lacrosse police Department used in applying for a search warrant of electronic storage media, yet she ignored my requests. I called her at least six times between October 28 and December 20, 2021 with no luck reaching her or her calling me back. I wrote her twice. I even sent her two text messages before I came to jail. My sister, Dou Zhong Vu, called and left her a voicemail. My probation officer Jody claims to have tried to reach her for me also but failed. Ms. Tlustosch never filed any motions with any evidence I provided her with. I had her withdraw to prevent having to waste the court's money to go to trial because according to what Ms. Tlustosch said to me over the phone on December 20, 2021, the jury would likely find me guilty. I gathered everything I needed to either get my case thrown out or win at trial due to lack of evidence from the state and she disregarded anything I ever provided.

39. Plaintiff Vu's ex-boyfriend, Tyler Beeler, retained Attorney Candice Tlustosch for Vu's case 20CF964 because of the fact that Tlustosch did not "like" Tolvstad. Vu provided Ms. Tlustosch with evidence to help get the case dismissed due to unlawful police conduct early on in the case, yet Ms. Tlustosch did nothing with the information or evidence. Plaintiff Vu had requested for a fair and speedy trial during one of the two visits Ms. Tlustosch and Plaintiff Vu met to discuss 20CF964 throughout the whole year of 2021. The request was made in January 2021. Ms. Tlustosch convinced Plaintiff Vu that it'd be a better idea to push it out. Then, sometime in July or August, Ms. Tlustosch advised Vu that trial dates were scheduled for January 2022. Between August and October 2021, Ms. Vu sent Attorney Tlustosch two text messages on two seperate occasions with no response.

Plaintiff Vu was arrested October 28, 2021. Between October 28, 2021 and December 20, 2021 (final pre-trial for 20CF964), Vu wrote Ms. Tlustosch two times via USPS Mail at her office 223 3rd St. North La Crosse, WI 54601, called Ms. Tlustosch's office at (608) 789-2121 on at least 4 different days, and even had her sister, Douazhong Vu, call Ms. Tlustosch's office in which all attempts to reach her failed.

40. Plaintiff Vu requested numerous copies of documents and information from Probation Liason Jared Elliefson and Probation Agent Jody Douglas since Vu has been in custody (10/28/21) that have been responded to. Requests that Plaintiff made of

paperwork Plaintiff is entitled to having, due to it being related to her supervision were fulfilled for the most part. The amount of time it took Probation to get the requested paperwork was not in timely fashion.

41. Plaintiff Vu was advised by Samantha Reuss, Administrator supervisor of the Regional State Public Defender's office (SPD) on 11/09/21 that they had not found/assigned Vu an attorney yet and that SPD would have to assign a Private Bar Attorney due to conflict of interest. Samantha Reuss was unable to say anything else because it would be a "breach of confidentiality".

Plaintiff's preliminary was rescheduled multiple times. Plaintiffs Probation Revocation was also pushed back multiple times. La Crosse County Circuit court Judges found probable cause to waive statutory time limits due to SPD not being able to successfully assign an attorney for 21CF833.

On 12/13/21, Vu called SPD to check status on an Attorney. Liz (unknown last name) gave Plaintiff Vu an attitude. Vu asked for supervisor and Liz hung up the phone. When Vu called back, Liz provided Vu with her supervisor's name (Samantha Reuss). When asked to be connected with Samantha, Liz suggested she would send an email of my request. Liz suggested transferring to voicemail since Samantha was out of office but Vu decided against it not knowing whether it would actually be Samantha's voicemail.

42. Plaintiff participated in Intensive Outpatient Treatment with A.T.T.C. which is run by the Department of Corrections, beginning groups in September of 2020. Once Plaintiff completed AODA and Thinking for a Change, Plaintiff Participated in The Aftercare Program. After completing Aftercare, Plaintiff Vu requested to continue Aftercare because she did not feel that she was ready to stop attending. During the duration of Vu attending group with the A.T.T.C., the women attending group would be required to provide urine samples on the days that they were instructed to do so. Plaintiff Vu recalls having to provide urine samples at least four or five times with counselor Lori at the A.T.T.C. Only once did Vu vu pass her U/A but Lori signed off that she passed her drug test.

43. Plaintiff Vu was charged with three counts on December 17, 2020: (1) Possession of < 3 gram of meth (2) Possession of Paraphernalia and (3) Maintaining a drug trafficking vehicle. ADA Danielle Kranz was for the State and charged Vu even though no meth was ever discovered during the traffic stop on December 15, 2020.

44. Plaintiff Vu's constitutional rights have been violated by all the defendants named in this Complaint and continue to be violated. Defendant's worked together to violate plaintiff's right to due process. On January 25, 2022, Vu motioned the court to proceed pro se for 21CF833. Judge Levine granted motion. Then on January 26, 2022 Vu was federally indicted for (1) Distribution of meth and (2) Poss. with intent to Dist. > 50 grams

45. Plaintiff Vu received the Revocation Summary from the Probation Agent Jody Douglas on December 29, 2021. Vu instantly found multiple false statements written in the summary. Here are a few of the false statements: (1) "- a La Crosse police investigator conducted a controlled buy with a confidential informant purchasing two ounces of methamphetamine from Kojoua Vu for $1200 in an observed prearranged location." This is a false statement. On page three of the summary, Jody wrote that Plaintiff Vu provided a written statement admitting to possessing approximately 3 grams of methamphetamine." This statement is also false. Jody deliberately added the false statement to the Revocation Summary for the purposes of a latent defect. Agent Jody's Revocation Summary is written with malfeasance and moral turpitude. Plaintiff Vu realized that on page four of the summary, Agent Jody goes into detail about one specific traffic stop that happened on May 2, 2021 (incident was actually on May 4). Vu has had about seven traffic violations in the two years she has been on supervision with Agent Jody but Jody specifically focused on this traffic stop because the stop was for illegal window tint. There were three squads on site and Officer Lozano had his K-9 do a sniff of the vehicle. His K-9 did not hit. During this traffic stop, the window tint level was tested, which the level was too dark. This test of the tint level was added to the criminal complaint for 20CF964 a year after the arraignment when Vu advised Agent Jody of the unlawful police conduct. Jody demonstrates a malicious ill will against defendant.

19

## VII. Prayer for Relief

46. Plaintiff requests an order declaring that the defendants have acted in violation of the United States Constitution.

47. Plaintiff Vu requests injuction compelling defendants to stop fabricating and tampering with any evidence pertaining to Wisconsin court cases 20CF964 and 21CF833 and federal case

48. Plaintiff Vu requests punitive money damages from the following defendants in their individual and official capacities to punish defendants for acting with "evil motive or intent" or "reckless or callous indifference" to Plaintiff Vu's constitutional rights protected under the Fourteenth Amendment Equal Protection Clause: Andrew Tolvstad $7000, Tyler Pond $1000, Jim (James) Mancuso $3000, Tom Hansen $2000, Kevin Lozano $2000, Ronald J. Tischer $1000, Officer Jacobs $1000, Sergeant Curns $1000, Jody Douglas $2000, Jared Ellefson $200, Samantha Reuss $1000, and the La Crosse Police Department $10,000.

49. Plaintiff Vu demands preliminary injunction relief. Plaintiff requests for Probation Revocation Hearings to be placed on hold until criminal case 20CF964 and 21CF833 and also Federal case 22-CR-16 is resolved. Plaintiff requests that civil lawsuit also be sorted out before Revocation Hearing is held due to Plaintiffs rights being violated by the LCPD and by Probation Agent Jody Douglas.

50. Plaintiff requests for defendants to be punished for conspiring to violate Plaintiff's Constitutional Rights. Plaintiff requests for all defendants to publicly apologize for depriving Plaintiff VU equal Protection of the laws.

51. Plaintiff requests $50 for every day unlawfully held in La Crosse Jail and $100 for every day if held on an unlawful Federal Hold or both.

Signed this __31__ day of __January__, 2022.

__KO JOUA VU__
(Name of Plaintiff)

I declare under penalty of perjury the foregoing is true and correct.

__Kojira Vu__          __1/31/22__
(Plaintiff's Signature)        Date

This document was signed before me
in the State of WI, County of La Crosse, on:

Date __1-31-22__

Notary Signature __Mike Watson__

Print Name __Mike Watson__

Notary Expiration __12/14/25__

Mike Watson
NOTARY
PUBLIC
STATE OF WISCONSIN

E.    JURY DEMAND

☐  Jury Demand – I want a jury to hear my case
OR

☒  Court Trial – I want a judge to hear my case

Dated this **31** day of **January** 20 **22**.

Respectfully Submitted,

_Kijuua Lee_
Signature of Plaintiff

**2007-0609**
Plaintiff's Prisoner ID Number

**333 Vine St**

**La Crosse, WI 54601**
(Mailing Address of Plaintiff)

This document was signed before me
in the State of WI, County of La Crosse, on:

Date **1-31-22**
Notary Signature _Mike Watson_
Print Name _Mike Watson_
Notary Expiration **12/14/25**

(If more than one plaintiff, use another piece of paper).

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☒  I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐  I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.