IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KOJOUA VU,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                    22-cv-065-wmc

ANDREW TOLVSTAD, JIM MANCUSO,
TOM HANSEN, KEVIN LOZANO, TYLER
POND, OFFICER JACOBS, SERGEANT
CURNS, RONALD J. TISCHER, JODY
DOUGLAS, JARED ELLEFSON, JENNA
THELER, LORI (UNKNOWN LAST NAME),
CANDICE TLUSTOSCH, DANIELLE M.
KRANZ, ELIZABETH (UNKNOWN LAST
NAME), SAMANTHA REUSS and THE
LA CROSSE POLICE DEPARTMENT,

                      Defendants.

*Pro se* plaintiff Kojoua Vu, filed this complaint, bring challenges to arrests and state and federal criminal charges that she has been facing since February of 2016. The next step is to screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A. In doing so, the court must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. *Id.* However, since Vu's complaint lacks details about the nature of her claims and outlines multiple lawsuits, it does not comply with the requirements of Federal Rules of Civil Procedure 8 and 20. Therefore, to avoid dismissal of this lawsuit, Vu will need to submit an amended complaint that brings just one lawsuit and corrects the deficiencies identified below.

OPINION

Vue invokes this court's jurisdiction under 28 U.S.C. § 1331. She seeks to proceed under 42 U.S.C. § 1985(3), on claims that defendants -- who appear to be law enforcement officials, an attorney that represented her during certain criminal proceedings, and the La Crosse Police Department -- have conspired to deny her equal protection under the law. However, Vu's allegations can be grouped into at least four different lawsuits:

**Lawsuit 1:** On February 13, 2016, defendants Andrew Tolvstaf and Tyler Pond pulled Vu over improperly, searched her vehicle and fabricated evidence, resulting in a charge of conspiracy to distribute more than 50 grams of methamphetamine. It appears that Vu is referencing her criminal conviction in *State v. Vu*, No. 15CF698 (La Crosse Cnty.), in which she was charged with mulitple counts of conspiracy to manufacture/deliver amphetamine, in possession with intent-amphetamine and bail jumping.[1] Those charges were dismissed but read in when Vu pled guilty to other charges in 2016.

**Lawsuit 2:** On April 11, 2016, numerous officers from the La Crosse County Police Department carried out a "no knock search warrant," at her residence using excessive force during the search. The search caused $4,000 in damages.

**Lawsuit 3:** On February 15, 2020, Vu went to clean up a friend's house that had been raided, and multiple officers came to the house and arrested her for a probation

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint and has incorporated information from the electronic docket of her state court criminal proceedings, available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited April 21, 2022).

warrant. After that incident, defendant Lozano pulled her over for an illegal window tint and searched the vehicle and arrested her for possession of methamphetamine. It appears Vu challenges the basis of the stop. Vu also appears to claim that when she was taken to jail, she did not have a preliminary hearing for 15 days and no one from probation questioned her.

**Lawsuit 4:** Starting in May of 2021, La Crosse police officers pulled Vu over multiple times and searched her vehicle, including on October 28, 2021, at which point she was taken back into custody pursuant to a "body only warrant." It appears at that point, Vu was facing revocation and new criminal charges, in both state and federal court. While in custody, Vu learned that her vehicle was parked at the police station, but she was not informed that the vehicle had been taken into evidence. Vu was later charged in a criminal complaint for a controlled buy that occurred on August 15, 2021. Vu claims that the charges were based on false testimony and deception. Vu also claims that her attorney performed deficiently during the criminal proceedings, and that probation officers delayed responding to her requests for paperwork. Vu asks that the court issue an injunction (1) requiring "defendants" to stop fabricating and tampering with evidence in her state court cases, and (2) halting the state court revocation proceedings until her criminal charges and this civil case have been resolved.

Under Federal Rule of Civil Procedure 20, plaintiffs may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Yet, as the Court of the Appeals for the Seventh

Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991).

Because plaintiff's various claims appear to be unrelated, the court is dismissing plaintiff's complaint under Rule 20 and directing her to respond to this order explaining how she wishes to proceed. Only *one* group of claims identified above may proceed under this case number. Therefore, plaintiff must decide which group of claims will proceed under this case number, and whether she wishes to proceed with any other group of claims in a separate lawsuit or lawsuits. Plaintiff will be required to pay a separate filing fee for each additional lawsuit on which she chooses to proceed.

Regardless how plaintiff chooses to proceed, she must submit a new complaint that clarifies her claims. Her current complaint contains vague and disjointed allegations related to the searches she appears to be challenging, and plaintiff often omits details about when the events actually occurred and what proposed defendants were involved in the events underlying each proposed claim. As a result, the complaint violates Rule 8 of the Federal Rules of Civil Procedure because it fails to provide proper notice to defendants of plaintiff's claims against them. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to

4

violate her rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

In sum, before plaintiff may proceed further with any claim, she must respond to this order by:

**(1) identifying which single lawsuit from the list above that she wishes to proceed under this case number;**

**(2) drafting an amended complaint that complies with Rule 8 and includes only the allegations related to the single lawsuit on which plaintiff will proceed under this case number; and**

**(3) explaining whether she will proceed with any other lawsuits outlined above under new case numbers.**

Plaintiff should draft her amended complaint as if she were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events. She should be sure to identify the specific defendants who are being sued, the specific actions taken by each defendant that plaintiff believes violated her rights and when those events took place. Plaintiff should refrain from including legal arguments and extraneous background information, and instead should focus on laying out the allegations in a chronological fashion. Additionally, plaintiff must be sure to include *all* of her allegations in her proposed amended complaint.

More importantly, in choosing the lawsuit she wishes to pursue in this case, plaintiff should also be aware of the following four substantive problems the court has been able to identify at this point.

*First*, plaintiff may not bring a claim against the La Crosse County Police Department since it is not a person subject to suit under 42 U.S.C. § 1983 or § 1985(3). *See Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) (a police department is not a person subject to suit under § 1983). Instead, she will need to name individual officers or, to the extent that she can allege that the County itself is liable, she may also name the County as a defendant, but not the Police Department specifically.

*Second*, plaintiff should be aware that she may not use this lawsuit to *invalidate* any past state court convictions or obtain release from custody; the only federal proceeding to obtain that form of relief is a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.") (citation omitted). The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

*Third*, and relatedly, to the extent plaintiff wants this court to stay or issue an order

6

impacting her *ongoing* state court prosecutions and revocation proceedings, this court lacks jurisdiction to do so under *Younger v. Harris*, 401 U.S. 37 (1971), which "requires federal courts to refrain from exercising jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings" absent extraordinary circumstances that do not exist here. *See also Courthouse News Serv. v. Brown*, 905 F.3d 1063, 1072 (7th Cir. 2018).

*Fourth*, if plaintiff decides to pursue claims related to completed criminal proceedings, plaintiff should be aware that she cannot seek monetary damages for claims that challenge the validity of any of her past convictions without first establishing that her conviction has been invalidated. *See Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020) (*en banc*) (no cause of action under § 1983 until the plaintiff received a favorable termination of his conviction). In particular, the United States Supreme Court held, in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff is precluded from bringing claims for damages if a judgment in her favor undermines the validity of her conviction or sentence, unless her conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The exact nature of plaintiff's challenges to her past criminal convictions is unclear, but it appears that she is maintaining that certain evidence used against her was either fabricated or improperly obtained, which may implicate the limitations of *Heck*. Since plaintiff has not also suggested that she successfully challenged those convictions, she should consider carefully the limitation of *Heck* in deciding which

7

lawsuit she chooses to pursue in this case. After the court receives plaintiff's response, the court will screen her amended complaint and determine whether this case may proceed further.

ORDER

IT IS ORDERED that:

1) Plaintiff Kojoua Vu's complaint is DISMISSED without prejudice under Federal Rules of Civil Procedure 8 and 20.

2) Plaintiff has until **May 12, 2022**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss her claims without prejudice for failure to prosecute.

Entered this 21st day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge